OAHU RAILWAY CO. *vs.* C. A. BROWN, Tax Assessor.

SUBMISSION WITHOUT ACTION.

HEARING, AUGUST 4, 1890.    DECISION, AUGUST 22, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The plaintiff company is considered to be a private and not a "public" corporation.

The provision of the tax statute, which makes "public stocks and bonds" taxable as a species of personal property, does not, therefore, apply to the bonds of the plaintiff company, and they are excluded from the description of taxable property.

## SUBMISSION OF CONTROVERSY.

The Oahu Railway and Land Company, duly incorporated under the laws of the Hawaiian Islands, is the owner of a railway connecting Honolulu with Ewa, on the Island of Oahu. The said railway is in good order, thoroughly equipped and is in active operation. Besides the railway and its equipment, the said company owns certain other property consisting of lands and chattels.

In order to build and equip its said railway, the company, as by its charter allowed, issued certain mortgage bonds of the total amount of $300,000; of these bonds, $260,000 were issued on construction and equipment account, and said amount was actually used in such construction and equipment. The remaining $40,000 was used in the purchase and development of its other said property. Upon the issue of said bonds, the said company guaranteed them free of taxes; without such guarantee it might not have been possible to have sold the bonds and to have built the road. A form of said bond is hereto attached and made a part hereof.

By the contract authorized by the law of 1888 (Chapter 62)

under which the said company was organized and has its exis-
istence, " the property    *    *    *    of said company which
shall be fairly necessary .to the reasonable construction, mainte-
nance and operation of said road is exempted from all taxes for
twenty years" (see Section 17); $260,000 of said bonds cover
such portion of its property.    The remaining portion of the pro-
perty of said company is liable for and is actually taxed.    It is
for the said remaining portion that $40,000 of said bonds were
issued.

Upon the foregoing facts it is claimed by said company that
its bonds are not liable to taxation, because,

1st.    The 260,000 of the sum above mentioned cover property
expressly exempted from taxation by law at the present time;
and,

2d.    That the $40,000 of the sum aforesaid cover property al-
ready taxed, and it would be double taxation to tax both the
mortgage bond and property covered thereby.

It it claimed by said tax assessor that said bonds are personal
property subject to taxation by our laws.

It is agreed by and between the parties hereto, that the case
above set forth shall be submitted to the Supreme Court for its
decision, and that such decision shall be final and binding be-
tween the parties hereto, and decisive as to the right to tax said
railway bonds, and that if necessary a writ of prohibition may
issue on such equipment, if favorable to the plaintiff, or, if in
favor of the defendant, that the total issue of such bonds shall be
assessed to plaintiff, or such proportion thereof as the Court
shall hold liable to taxation.

### OPINION OF THE COURT, BY MCCULLY, J.

The bonds here under consideration can be taxed only if they
are " public" bonds.    The statute defining " personal property,"
for the purpose of taxation, is Section 2 of Chapter 37 of the
Acts of 1886.    " Public stocks and bonds" are the only bonds
included.    This statute is an amendment of the Act of 1882,
and the statute is an amendment of the law providing for tax-
ation, as first enacted in the Civil Code of 1859.    Section 483

provided that personal property be construed to include " all * * * moneys in hand, and moneys loaned, all mortgages, public stocks, stocks in corporations, and every species of property not included in real estate." The amendment of 1882, and the amendment of 1886, make public stocks and bonds taxable, and omit and so exclude from taxation the other enumerated descriptions of personal property, and omit the general clause of " every species of property," etc. This interpretation was made in *McBryde vs. Kala,* decided by Chief Justice Judd, 6 Hawn., 529.

Are the bonds of the Oahu Railway and Land Company public bonds?

We take the word "public" to mean of or relating to the Government. There is another use of the word, the popular use, by which is intended what is of large or general character. There are public places of amusement, open to the public on payment of the admission price. Says Chancellor Kent, Comm. 2, p. 276: " Every charity which is extensive in its object may in a certain sense be called a public charity. A charity may be public though administered by a private corporation. To hold a corporation to be public because the charity was public, would be to confound the popular with the strictly legal sense of the terms, and to jar with the whole current of decisions since the time of Lord Coke." In *Hall vs. County Com'rs of Middlesex,* 10 Allen, 100, the Court say: Since the Legislature has not defined public stocks and securities, the Court must ascertain, as best as they can, what are such as cases arise. And found that bonds issued under special legislative authority by a state or city for aiding in the constructing of railroads, are public stocks.

Upon referring to the statute, which is Chapter 62 of the laws of 1888, we find that the Minister of the Interior is authorized to contract with B. F. Dillingham, his associates, etc., or such corporation as shall be formed under the general laws of the Kingdom, or failing this corporation with any Hawaiian corporation for the construction of steam railroads on the island of Oahu, and to confer such rights of way and other privileges,

etc., as are provided for by certain railway acts of 1878 and 1880. Under this Act the Minister has contracted with this corporation, which is organized to build railways, and improve and deal in land on Oahu. Section 18 prohibits the Minister from contracting to pledge the Government to the payment of any subsidy, but under section 17 the contract may remit for twenty years taxes on the railroad property of the company. The company has issued these bonds secured by a mortgage on ·its railroad property. The Government has not guaranteed the payment of principal or interest.

We do not regard the exemption, claimed by the corporation, to be supported by the provision of the statute authorizing an exemption of its property from taxation; for the debts owing by corporations are not the property of the corporation, but of its creditors. *State Tax on Foreign-held Bonds*, 14 Wall., 300. On the other hand, it is contended on behalf of the Tax Assessor, that these bonds may be considered as contracts, and so be taxable, contracts being enumerated as taxable personal property.

This construction appears to us to be a forced one, and not supported by rules of construction. The instrument has all the forms and characteristics of a bond. It is entitled a mortgage bond. It is payable to bearer, and furnished with a series of coupons, for the semi-annual interest, payable to bearer. In the sense claimed, every species of indebtedness, such as notes, mortgages, could be characterized as contracts, and taxed although the statutes exempt debts and evidences of indebtedness.

It was further submitted that the powers vested in this corporation, to condemn private property for its uses, endue it with a public character. This is an extension of the law of eminent domain. In a sense of the word, it is in aid of a public purpose. It fails, however, to remove the property of the company from the class of property held in private ownership, viz., the ownership of the stockholders, and this obvious result may distinguish the private character of the property, and mortgages and bonds of such a corporation, from those which are public in the legal sense. Instances of public property which might, if so constituted, have been private, although for public, that is,

general uses, are the water works system of Honolulu, and its electric light system.

With our view that the question is determined by the determination that these bonds are not contracts, and are not public bonds, it will be unnecessary to discuss some other matters presented in the submission.  Our judgment is in favor of the Railway and Land Company.

### QUALIFIED OPINION OF DOLE, J.

I agree with the general conclusions of the foregoing opinion, but am not ready to discuss the dictum, that " the exemption claimed by the corporation is not supported by the provision of the statute authorizing an exemption of its property from taxation."

As the issue is disposed of on other points, it is unnecessary to go into this particular question, but it might well be argued that a tax upon bonds, whereby funds are raised for the construction, maintenance or operation of the railroad of the company, would be inconsistent with a statutory exemption from taxes upon any property, " fairly necessary to the reasonable construction, maintenance and operation" of such railroad.

*W. R. Castle*, for the Company.

*Attorney-General Peterson* and *W. A. Whiting*, for the Assessor.