# IN RE ASSESSMENT OF TAXES, M. P. ROBINSON AND CECIL BROWN.

APPEAL FROM TAX APPEAL COURT, FIRST DIVISION.

SUBMITTED SEPT. 30, 1907.        DECIDED OCT. 17, 1907.

HARTWELL, C. J., WILDER AND BALLOU, JJ.

TAXATION—*national bank shares.*

National bank shares are not "public stocks" and cannot be taxed as such.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by the tax assessor of the first taxation division from a decision of the tax appeal court refusing to sustain an assessment against Cecil Brown and M. P. Robinson on their shares in the First National Bank of Hawaii.

Section 5219 of the United States Revised Statutes provides that "Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by nonresidents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of asso-

ciations from either state, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed." Under this section territories have the same power as the states in respect of taxing national bank shares. *Talbott v. Silver Bow County,* 139 U. S. 438.

The contention of the assessor is that national bank shares are "public stocks" within the meaning of R. L., Sec. 1215, providing that personal property for purposes of taxation shall mean and include, among other things, "public stocks and bonds not exempted by law from taxation," and that as such they are taxable pursuant to the federal statute referred to.

That national bank shares are not "public stocks" would seem to follow from the case of *Oahu Railway Co. v. Brown,* 8 Haw. 163, which held that Oahu Railway & Land Co.'s bonds could not be taxed as "public bonds." In the opinion in that case it was said on p. 165, "We take the word 'public' to mean of or relating to the government." The distinction between the popular and technical meaning of "public" was pointed out. In view of that meaning of the word "public," it cannot be said that national bank shares are "public stocks." In *Hall v. County Commissioners of Middlesex,* 10 Allen 100, it was held that bonds issued by a state and a city for aiding in the construction of railroads were "public stocks and securities." And in *Hale v. County Commissioners of Hampshire,* 137 Mass. 111, it was held that bonds issued by a railroad corporation which was created by congress and to which congress had made large grants of land to aid in its construction for public purposes, the mortgage securing the bonds being as required by law filed in the office of the secretary of the interior, and the corporation being to some extent subject to government control, were not "public stocks and securities." These two Massachusetts cases are in line with the opinion of this court in the Oahu Railway Company case. A national bank is organized under an act of congress, is subject to government control, and serves a public purpose, but it is also organized for private business and with a view to individual

profit, and its shares, according to the ruling of this court in the Oahu Railway case cited, are not taxable as "public stocks."

There appearing to be no statute of this Territory taxing national bank shares in accordance with law, it is unnecessary to discuss any other question submitted.

*C. R. Hemenway,* Attorney General, and *M. F. Prosser* for the tax assessor.

*Castle & Withington, Smith & Lewis* and *L. J. Warren* for the taxpayers.